U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 2 2016

TONY R. MOORE  CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IVORY LANE SIMON (#505008), Plaintiff | CIVIL ACTION NO. 1:15-CV-2789; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| KEITH DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Ivory Lane Simon (#505008) filed the instant civil rights complaint on December 3, 2015, *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff names as defendants Warden Keith Deville, Warden Jody Floyd, Warden Burton Michot, Librarian Tammy Raynes, Captain Mary Hayes, Officer Chapman, Officer Dawson, Officer Crabtree, Officer Hawkins, James LeBlanc, and XYZ Insurance Company. He complains that he is being denied meaningful access to the courts by being prohibited from using the law library, and he seeks compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Allegations

Plaintiff alleges that, on November 17, 2015, he attempted to use the law library. At the yard gate, Plaintiff was stopped by Officer Dawson who informed Plaintiff that "no one was going to the law library." (Doc. 1, p. 7). Plaintiff asked to speak to the warden, and Officer Dawson directed Plaintiff to the key officer, Officer Hawkins. (Doc. 1, p. 7). Plaintiff claims that Officer Hawkins called Warden Floyd, who instructed Officer Hawkins that Plaintiff "was never to be allowed to go into the law library." (Doc. 1, p. 7).

Plaintiff complains that, because he has numerous pending suits in this Court, denying him access to the law library violates his constitutional right of access to the courts, deprives him of due process of law, and amounts to retaliation for exercising his right to access the courts. (Doc. 1, p. 7). Plaintiff seeks compensatory and punitive damages.

## Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

It is clearly established that prisoners have a constitutional right of access to the courts. See Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993). The right of access to the courts is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually prejudiced.* See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading.

Plaintiff cannot show that he has been prevented from filing any non-frivolous pleading. Furthermore, it does not appear that he is being denied access to the law library. Since the date alleged in this suit, November 17, 2015, Plaintiff has filed: a type-written complaint (Doc. 1), a type-written request for a copy of the docket sheet (Doc. 4), and a motion for leave to proceed *in forma pauperis* (Doc. 7, 10), all in this lawsuit; a type-written notice of appeal in Docket Number 1:14-cv-586, which was dismissed for failure to state a claim; a type-written objection to a report and recommendation in Docket Number 1:15-cv-1882 (Doc. 25), which was dismissed for

failure to state a claim; and, a type-written objection to a report and recommendation in Docket Number 2:15-cv-1925 (Doc. 12). Plaintiff's ability to file legal documents with the Court has clearly not been hindered. Moreover, Plaintiff has been able to type all of these legal documents at Winn Correctional Center, presumably in the law library. Plaintiff has not shown that he is being denied access to the courts or that that his position as a litigant was actually prejudiced by the inability to file any non-frivolous legal pleading.

Next, Plaintiff complains that he was prohibited from using the law library in retaliation for exercising his right to access the courts. As noted above, it appears that Plaintiff has, indeed, been allowed to use the law library. Regardless, to state a viable claim for retaliation, a prisoner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff cannot establish that the defendants intended to retaliate against him for filing lawsuits. It is alleged that Defendant Dawson stated that "no one was going to the law library" on the date in question, not just Plaintiff. Plaintiff has made no more than a conclusory allegation that the defendants had the requisite intent to retaliate against him for exercising his rights. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than providing a court with labels and conclusions. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

The purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. See Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588, n. 10 (1998)). In this case, Plaintiff was clearly not discouraged from exercising his constitutional right to access the courts. As outlined above, he filed numerous legal documents with this Court subsequent to November 15, 2015. Even if Plaintiff could show that the defendants prevented him from using the law library in November 2015, based on a retaliatory motive, that act would not deter the ordinary person from further exercise of his rights. See Morris, 449 F.3d at 686.

Plaintiff has not presented any allegations to support a due process claim. As noted above, Plaintiff must provide more than a label or conclusion to show entitlement to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental**

objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 1st day of February, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

6